IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STANLEY J.A. MONTGOMERY, # 63096**                      **PLAINTIFF**

**VERSUS**            **CIVIL ACTION NO. 3:14cv79-DPJ-FKB**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, HINDS COUNTY
RESTITUTION CENTER, COMMANDER
GRADY MCENTEE, and CHRISTOPHER
EPPS**                                                                                    **DEFENDANTS**

<u>**ORDER OF DISMISSAL**</u>

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Stanley J.A. Montgomery is incarcerated with the Mississippi Department of Corrections ("MDOC"). He filed this action challenging the conditions of his confinement, his arrest, and the revocation of his post-release supervision. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

**I.**      **Background**

Montgomery filed this action on January 30, 2014. At the time, he was incarcerated in the Winston-Choctaw County Regional Correctional Facility. He sues MDOC, the Hinds County Restitution Center, Commander Grady McEntee, and MDOC Commissioner Christopher Epps under 42 U.S.C. § 1983 and state law. Montgomery alleges that, in 2011, he was convicted of five counts of identity theft in the Circuit Court of Winston County, Mississippi. As a result, he was sentenced to five years. Of that time, he was to serve two weeks in the MDOC, and the remainder was to be served on supervised release. He was also ordered to pay restitution.

In 2013, Montgomery voluntarily entered MDOC's Restitution Center Program, in order to satisfy his restitution obligation. He was placed in the Hinds County Restitution Center, where

McEntee was employed. While there, Montgomery complains that McEntee failed to provide Montgomery with three meals a day or adequate water though other inmates received theirs. This, he claims, subjected him to cruel and unusual punishment as well as a violation of his right to equal protection. Because of this alleged mistreatment, he left the restitution center.

As a result of leaving the restitution center, Montgomery was arrested and convicted of violating his supervised release. He challenges the arrest and revocation also, claiming that it was not his fault that he left the restitution center, that he initially was arrested without a warrant, that the subsequent warrant was invalid, that he was denied a revocation hearing, and that failure to pay the restitution was not a revocable offense nor one that required pre-hearing detention.

Montgomery's pleadings explicitly invoke 42 U.S.C. § 1983 and state law. In his response, he adds habeas claims, asking the Court to release him and order the State court to hold a revocation hearing.

This is not the first case in which Montgomery challenges these same conditions at the restitution center, his arrest, and revocation. On January 15, 2014, he filed these same claims against the same Defendants in the Northern District of Mississippi, seeking money and release. *Montgomery v. Miss. Dep't of Corrs.*, No. 1:14cv8-SA-JMV (N.D. Miss.). Although the docket sheet for that case lists only MDOC, the restitution center, and Winston County Jail as Defendants, the Complaint lists Epps and McEntee as additional Defendants. The Northern District has set a *Spears* hearing in that case for May 12. *Montgomery*, No. 1:14cv8-SA-JMV, Spears Order [10] (N.D. Miss. Mar. 5, 2014).

## II.     Discussion

### A.     Section 1983 and State-Law Claims

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Montgomery to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

The § 1983 and state-law claims are duplicate to those filed in the Northern District of Mississippi, in cause number 1:14cv8-SA-JMV.  That case, which is still pending, was filed fifteen days before the instant case.  It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  These claims are dismissed as malicious.  This counts as a strike under § 1915(g).

### B. Habeas Claims

Finally, to the extent that Montgomery has added habeas claims, they are also being pursued in the previously filed action. In the alternative, the Court lacks jurisdiction over the habeas claims as they concern a Northern District conviction and a prisoner who, at the time the case was filed, was in custody in the Northern District. *See* 28 U.S.C. § 2241(d). The habeas claims are dismissed without prejudice.

## III. Conclusion

This case is repetitive to the prior, pending filed action of *Montgomery v. Mississippi Department of Corrections*, cause number 1:14cv8-SA-JMV (N.D. Miss.). The § 1983 and State law claims are therefore dismissed as malicious. The habeas claims are dismissed as duplicative and for lack of jurisdiction. The case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the 42 U.S.C. § 1983 and State law claims are **DISMISSED WITHOUT PREJUDICE** as malicious. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that the habeas claims are **DISMISSED WITHOUT PREJUDICE** as duplicative and for lack of jurisdiction. A separate Final Judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 18th day of March, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE